**Robert LILLEY, Plaintiff,**

v.

**BTM CORPORATION, Defendant.**

**Civ. No. 87–30088.**

United States District Court, E.D. Michigan, S.D.

Feb. 23, 1991.

Robert Vercruysse, Ron Reynolds, Detroit, Mich., for plaintiff.

David Heyboer, Port Huron, Mich., for defendant.

## MEMORANDUM AND ORDER ON ATTORNEY'S FEES AND LITIGATION EXPENSES

COHN, District Judge.

### I.

Before the Court for decision is plaintiff's motion for attorney fees and costs in this thrice jury tried combined Age Discrimination In Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and Michigan's Elliott–Larsen Civil Rights Act, Mich.Stats.Ann. § 3.548(101) *et seq.* [M.C.L.A. § 37.2101 et seq.] case. On October 5, 1990, a jury returned a verdict in plaintiff's favor in the amount of: (1) $75,000 for compensatory damages for the retaliatory three month premature termination of his employment as a commissioned salesperson and (2) $325,000 for emotional distress damages for such premature termination. Under Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, plaintiff is entitled as prevailing party to his costs. Under the ADEA, 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b), plaintiff is entitled to his reasonable attorney fees; and under Elliott–Larsen, Mich.Stats.Ann. § 3.548(802), [M.C.L.A. § 37.2301] plaintiff is entitled to his litigation expenses which include a reasonable attorney's fee. Elliott–Larsen does not differentiate between taxable costs and out-of-pocket expenses. Notwithstanding plaintiff's separate motions for taxable costs under 28 U.S.C. § 1920 and his entitlements under ADEA and Elliott–Larsen, the Court will simply decide on the plaintiff's reasonable litigation expenses and a reasonable attorney's fee in light of his ultimate success in the case. *See Hensley v. Eckerhart,* 461 U.S.

424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983) and *Kindig v. Rockwell International Corporation*, 709 F.Supp. 787, 792 (E.D.Mich.1989). In *Kindig*, this Court held that a successful plaintiff under Elliott–Larsen is entitled to litigation expenses and a reasonable attorney's fee, a much debated question in Michigan's lower courts since the Michigan Supreme Court has yet to decide the point.

## II.

The numerous memoranda and opinions in this case, as listed in Exhibit A, all of which must be read for an understanding of its scope and the predicate for decision here, make clear that plaintiff achieved only a very limited success at trial particularly as compared to his initial expectations. Indeed, at the first trial, plaintiff advanced a theory and intended to offer expert testimony to support a claim of $3,000,000 in compensatory damages for the wrongful acts of defendant.

The complaint made four claims:
—age discrimination in his discharge (Count I)
—retaliatory discharge (Count II)
—wrongful discharge in breach of an oral and/or implied contract of employment (Count III)
—failure to pay commissions in breach of an oral and/or implied contract of employment (Count IV)

Count III was dismissed immediately prior to trial. Count IV was dismissed at the conclusion of the plaintiff's proofs in the first trial. A jury found against plaintiff on Count I at the second trial.

In the first trial, plaintiff established he was an employee but not an independent contractor. In the second trial, plaintiff established that the premature termination of his employment was retaliatory. In the third trial, plaintiff established his damages for the retaliatory discharge.

Three trials were necessary because of a variety of errors as more fully explained in the opinions of April 11, 1990 and August 30, 1990. On December 20, 1990, the Court decided that plaintiff was entitled to pre-judgment interest but not liquidated damages. At the same time, notwithstanding the Court's concerns that the jury's verdict at the third trial was excessive both as to compensatory and emotional distress damages, the Court denied defendant's motion for new trial or remittur. What particularly troubled the Court was a $350,000 award for emotional distress damages for the retaliatory termination of employment three months before it would have lawfully terminated. This award should be contrasted to a claim at the first trial of emotional distress damages of only $250,000 for wrongful termination of total employment on account of age.

## III.

### A.

Plaintiff now asks for approximately $47,000 in litigation expenses and $443,000 in attorney fees representing approximately 3,200 hours of work by 25 lawyers at hourly rates ranging from $210 an hour to $60 an hour, for a total of $333,136.50, multiplied by 1.33 because of the nature of the work and success at trial. Attached as Exhibit B is a breakdown of the $333,136.50 by time periods. Exhibit C is a breakdown by lawyer of the attorney fees requested to October 5, 1990. Exhibit D is a breakdown of $41,732.02 for the expenses requested as of October 23, 1990 by category. Exhibit E, prepared by defendant, is a breakdown of the expenses by time periods. It was at the request of the Court that plaintiff detailed the hours as reflected in Exhibit B. Plaintiff has not, however, allocated hours or expenses to the various claims. He has also failed to acknowledge any significant reduction in hours because of the extended effort pretrial and at the first trial to establish his right to commissions on sales to the customers he procured in contrast to commissions on the sales he procured. There is no dispute that prior to suit plaintiff was paid the commissions on all of the sales he procured. Likewise, plaintiff has not acknowledged any reduction in hours because of his failure to prevail on the claim that he was discharged because of his age and the

considerable effort pre-trial and at the first and second trials to establish his right to damages for lost commissions extending to age 70. Lastly, there is no explanation how a case that realistically had merit only as to its claims of age discrimination and retaliation required the services of 25 lawyers over its life.

### B.

As to litigation expenses, while plaintiff has broken them down as to item, category and date of payment, there is no allocation as to the various claims. It appears that some of the expenses relate, for example, to plaintiff's unsuccessful effort to mandamus the Court into reinstating the first jury's verdict prior to the second trial.

### C.

Plaintiff says he is entitled to the substantial amounts claimed for attorney fees and litigation expenses on the grounds that the successful and unsuccessful claims involved a common core of facts and that he obtained significant overall relief.

The Court does not agree. Plaintiff achieved only limited success in light of his initial goals. At the first trial, for example, plaintiff argued to the jury compensatory damages for age discrimination in the amount of almost one million dollars. He prevailed on only one of his four claims. While he did obtain a substantial verdict for emotional distress damages at the third trial, it was more because of effective courtroom advocacy than any expenditure of attorney time. It simply makes no sense for a law firm to expend 3,500 attorney hours on an age discrimination claim for a 64 year old commissioned salesperson who was first employed by the defendant at age 60 under the circumstances of this case as reflected in the record at trial. Likewise, it makes no sense to spend $47,000 for litigation expenses. This is particularly so because the plaintiff obviously lacked the resources to reimburse the attorneys in the event of an adverse verdict. Importantly, a good portion of the attorney's time pre-trial and through to the directed verdict on Count IV at the first trial was expended in

pursuit of legal theories which, if successful, do not allow for fee shifting. The Court is satisfied the attorney hours on the wrongful discharge and failure to pay claims (Counts III and IV) were unrelated to the ADEA and Elliott–Larsen claims (Counts I and II).

As to the age discrimination claim (Count I) and retaliation claim (Count II), plaintiff was only modestly successful. The jury at the second trial decided against plaintiff on the age discrimination claim and in his favor of the retaliation claim. Plaintiff also achieved some success at the first trial in obtaining a favorable verdict on the defense that he was an independent contractor.

### IV.

### A.

Ordinarily the Court, in disallowing attorney hours and litigation expenses, would describe the particular hours and expenses disallowed. If the Court was of the opinion that the hourly rates were too high, some explanation of the particular reductions in hourly rates would be made. Such an approach is simply not possible in this case given the manner in which plaintiff made its application. Rather the Court is satisfied that the proper approach is first to establish an overall reasonable hourly rate for attorney work by looking to the various studies published by the State Bar of Michigan. Here the Court is satisfied that in light of such studies $125 an hour is an overall reasonable hourly rate for attorney work in this case.

As to the number of hours of attorney's work appropriate to a reasonable attorney's fee in light of the history of the case, the Court's familiarity with the three trials, and the Court's general experience in such matters, 525 hours overall will be allowed as follows:

| | |
|---|---|
| Pretrial | 300 hours |
| First trial | 20 hours |
| Interim | 20 hours |
| Second trial | 50 hours |
| Interim | 20 hours |
| Third Trial | 65 hours |
| Final work | 50 hours |
| Total | 525 hours |

In reducing the hours pretrial, the Court has taken into consideration the fact that most of such work was on the claims made in Counts III and IV. While Count III was dismissed pretrial, the dismissal occurred on the eve of trial. In reducing the hours for the first trial, the Court has taken into consideration the fact that plaintiff achieved only modest success and the services of only one attorney was reasonable. The determinations as to the hours at the second and third trials take into consideration the partial success at the second trial and the need for only one attorney at each trial. The reduction in hours for interim work is based on the Court's view that no substantial additional work was necessary to prepare for the second and third trials. The substantial amount of hours for the interim periods was devoted to work not reasonably chargeable to defendant under any theory of fee shifting. This same reasoning applies to the reduction of hours for the final work.

■ Lastly, there is no good reason to apply a multiplier. Five hundred and twenty-five hours at $125 an hour results in an attorney's fee of $65,625, which is sufficient to reasonably compensate plaintiff for attorney fees for the result achieved in the case.

### B.

■ As to litigation expenses, it is not practicable to review and allow them item-by-item. It appears that a significant portion of the expenses relates to the claims for age discrimination and commissions on which plaintiff was not successful. Examples are photocopying charges of over $7,500, computer research charges of over $8,700 and reproduction and graphics charges of over $3,500. Since the second and third trials were essentially replays, no significant additional litigation expenses can reasonably be charged to defendant in light of the modest success of plaintiff as previously noted. Reimbursement of $7,500 in litigation expenses is reasonable in light of the circumstances of this case.

### V.

The deputy clerk shall enter an amended judgment to reflect the award of a reasonable attorney's fee of $65,625.00 and reimbursement of litigation expenses reasonably incurred in the amount of $7,500.00 for an aggregate of $73,125.00.

SO ORDERED.

### EXHIBIT A

1. Magistrate's Report And Recommendation On Defendant's Motion To Dismiss Count IV Of Plaintiff's Complaint—December 15, 1988 (recommending denial of defendant's motion to dismiss Count IV; i.e., claim for failure to pay commissions in breach of oral and/or implied contract of employment).

2. Memorandum Opinion And Order—February 9, 1989 (denying motion to dismiss Count IV).

3. Memorandum Opinion And Order—March 23, 1989 (dismissing Counts I and II claims of age discrimination and retaliation on the grounds plaintiff was not an employee).

4. Order—May 17, 1989 (reversing order of March 23, 1989—see transcript of May 16, 1989).

5. Memorandum Opinion And Order—October 24, 1989 (dismissing Count III wrongful discharge claim and denying motion to dismiss Count IV—wrongful withholding of commissions).

6. Bench Comment—November 13, 1989—see transcript pp. 33–34 (effectively granting defendant's motion for directed verdict on Count IV).

7. Opinion—April 11, 1990 (granting new trial on age discrimination and retaliation claims and affirming jury finding that plaintiff was an employee).

8. Order Denying Rehearing—June 5, 1990 (denying rehearing on the order granting a new trial).

9. Memorandum And Order—August 30, 1990 (granting new trial on the issue of damages for retaliatory discharge).

10. Bench opinion—December 20 1990—see transcript pp. 18–26 (denying plaintiff's motion for new trial or remittitur).
11. Bench opinion—December 20, 1990—see transcript pp. 27–30 (granting plaintiff's motion for prejudgment interest and denying plaintiff's motion for liquidated damages).

[Exhibit B appears on page 1254.]

EXHIBIT B

## Attorney Fees

| Dates | Total Hours | Total Dollar Charges | Redacted Hours | Redacted Dollars | Actual Hours | Actual Dollars |
|---|---|---|---|---|---|---|
| From filing to date of First Trial | 1,539.50 | $160,243.75 | 185.75 | $15,093.75 | 1353.75 | $145,150.00 |
| First Trial | 353.50 | 42,663.75 | 21.75 | 1,887.50 | 331.75 | 40,776.25 |
| End of First Trial to April 25, 1990 | 385.25 | 42,330.00 | 98.50 | 12,805.00 | 286.75 | 29,525.00 |
| April 25th to Second Trial | 311.50 | 31,867.50 | 1.5 | 142.50 | 310.0 | 31,725.00 |
| Second Trial | 273.50 | 31,698.75 | -- | -- | 273.50 | 31,698.75 |
| End of Second Trial to August 30, 1990 | 94.75 | 8,403.75 | 13.25 | 1,141.25 | 81.50 | 7,262.50 |
| August 30 through Third Trial | 301.50 | 32,177.50 | 172.75 | 19,808.75 | 128.75 | 12,368.75 |
| Third Trial | 134.25 | 19,876.25 | -- | -- | 134.25 | 19,876.25 |
| End of Third Trial to October 15, 1990 | 3.50 | 332.50 | -- | -- | 3.50 | 332.50 |
| TOTAL | | | | | | $318,715.00 |
| | | | | | | |
| From October 15, 1990 to present | 108.75 | 14,421.50 | -- | -- | | $333,136.50 |

Previous Lodestar $318,715.00 Current Lodestar $333,136.50
x multiplier (1.33) x multiplier (1.33)

PREVIOUS TOTAL FEE REQUEST 423,890.95 TOTAL FEE REQUEST $443,071.50

EXHIBIT C

| | TOTAL HOURS | REDUCTION | NET HOURS | RATE | VALUE |
|---|---|---|---|---|---|
| VERCRUYSSE | 539.00 | 61.50 | 477.50 | $210.00 | $100,275.00 |
| GULLEN | 399.00 | 25.00 | 374.00 | $135.00 | $50,490.00 |
| REYNOLDS | 1475.25 | 230.00 | 1245.25 | $95.00 | $118,298.75 |
| SCHAFFNER | 140.25 | 44.50 | 95.75 | $60.00 | $5,745.00 |
| DeWITT | 0.75 | 0.75 | 0.00 | $0.00 | $0.00 |
| ADAMCZYK | 17.75 | 5.50 | 12.25 | $90.00 | $1,102.50 |
| SAXTON | 0.75 | 0.75 | 0.00 | $0.00 | $0.00 |
| OERMANN | 4.75 | 2.25 | 2.50 | $135.00 | $337.50 |
| MADDEN | 176.50 | 16.00 | 160.50 | $60.00 | $9,630.00 |
| SERDIUK | 492.75 | 59.50 | 433.25 | $60.00 | $25,995.00 |
| DEITCH | 1.00 | 1.00 | 0.00 | $0.00 | $0.00 |
| KRUEGER | 2.75 | 2.75 | 0.00 | $0.00 | $0.00 |
| LEZOTTE | 4.25 | 0.00 | 4.25 | $150.00 | $637.50 |
| RUSTMANN | 16.00 | 0.00 | 16.00 | $80.00 | $1,280.00 |
| KARR | 28.00 | 0.00 | 28.00 | $50.00 | $1,400.00 |
| CLIFTON | 10.50 | 0.00 | 10.50 | $50.00 | $525.00 |
| KOWALEBKI | 16.00 | 0.00 | 16.00 | $65.00 | $1,040.00 |
| RUST | 4.00 | 0.00 | 4.00 | $60.00 | $240.00 |
| LAHR | 5.00 | 0.00 | 5.00 | $60.00 | $300.00 |
| BERNSTEIN | 2.00 | 0.00 | 2.00 | $80.00 | $160.00 |
| BLACK | 2.00 | 0.00 | 2.00 | $65.00 | $130.00 |
| LUCE | 1.25 | 0.00 | 1.25 | $60.00 | $75.00 |
| GOLD | 0.50 | 0.50 | 0.00 | $200.00 | $0.00 |
| METZ | 19.25 | 19.25 | 0.00 | $180.00 | $0.00 |
| CALZONE | 16.25 | 16.25 | 0.00 | $150.00 | $0.00 |
| WITHERSPOON | 8.25 | 0.00 | 8.25 | $60.00 | $495.00 |
| HARTMUS | 3.75 | 0.00 | 3.75 | $65.00 | $243.75 |
| MURRAY | 1.75 | 0.00 | 1.75 | $180.00 | $315.00 |
| TOTORELLI | 3.50 | 3.50 | 0.00 | $0.00 | $0.00 |
| CAVANAUGH | 4.50 | 4.50 | 0.00 | $0.00 | $0.00 |
| | 3397.25 | 493.50 | 2903.75 | | $318,715.00 |

**1256**

■■■■■■■■■■■■■■

## EXHIBIT D

### BUTZEL LONG GUST KLEIN & VAN ZILE

A Professional Corporation
(ID No 38 2364893.
SUITE 900
150 WEST JEFFERSON
DETROIT, MICHIGAN 48226-4430
(313) 225-7000

Robert Lilley
3455 Riverside Drive
Port Huron, MI 48060

October 23, 199C
Statement No. 6290C

RE: Btm Corporation

DISBURSEMENTS:

| | |
|---|---:|
| Photocopy Charges | 7,694.20 |
| Special Postal Charges | 119.61 |
| LD Telephone Charges | 447.03 |
| Special Stenographic Charges | 1,496.36 |
| Telecopier Charges | 222.75 |
| Computer Research | 8,736.46 |
| Air Express Charges | 40.64 |
| Conference Expenses | 318.63 |
| Consultant Charges | 8,602.49 |
| Court Record Copies | 29.50 |
| Deposition & Transcripts | 5,652.48 |
| Document Copy Charges | 778.37 |
| Filing Fees | 220.00 |
| Record Copy Search Fee | 249.30 |
| Service Fees | 1,200.30 |
| Witness Fees | 520.00 |
| Photographs | 152.44 |
| Reproduction and Graphics | 3,641.84 |
| Service of Papers | 71.00 |
| Travel Expenses | 987.99 |
| Trial Expenses | 385.13 |
| Courier Services | 165.50 |

41,732.C

Statement Total 41,732.C

## EXHIBIT E

| | Up to First Trial | First Trial | End of First Trial to 4–25–90 | 4–25–90 to Second Trial |
|---|---|---|---|---|
| Xerox | 5,332.68 | 584.60 | 519.78 | 836.80 |
| Telephone | 290.20 | 12.17 | 131.02 | 96.49 |
| Postage | 180.26 | 2.55 | 60.01 | 60.83 |
| Computer Research | 963.70 | 928.27 | 3,269.34 | 59.29 |
| Special Stenograph | 217.28 | 758.28 | 66.30 | 16.20 |
| Conference | 166.33 | 14.19 | | 65.31 |
| Expert Witness | | | 4,904.58 | |
| Graphics | 3,027.60 | 525.84 | | |
| Filing Fee | 120.00 | | | |
| Service Fee | 71.00 | | | |
| Witness Fee | 250.00 | | | 180.00 |
| Transcripts | 2,825.58 | | | 545.75 |
| Travel | 834.48 | 45.75 | | |
| Court/Appeals | | | | |
| Photos | | 143.16 | 9.28 | |
| Trial Expense | | 304.14 | 43.74 | |
| Miscellaneous | | 893.75 | | |
| TOTAL | 14,279.11 | 4,212.70 | 9,004.05 | 1,860.67 |

| | Second Trial | End of Second Trial to 8–30–90 | 8–30–90 to Third Trial | Third Trial |
|---|---|---|---|---|
| Xerox | 208.52 | 144.20 | 1,084.60 | 741.20 |
| Telephone | 8.97 | 22.54 | 53.33 | 19.01 |
| Postage | 25.80 | 15.07 | 22.81 | |
| Computer Research | 793.22 | 941.92 | 1,804.99 | 161.43 |
| Special Stenograph | | 147.98 | 169.86 | 66.01 |
| Conference | 27.20 | | | 39.17 |
| Expert Witness | | 3,697.91 | | |
| Graphics | | 62.40 | | |
| Filing Fee | | | | |
| Service Fee | | | | |
| Witness Fee | 36.83 | | 90.00 | |
| Transcripts | 1,306.50 | 868.17 | 132.00 | |
| Travel | 125.31 | | 2.00 | 27.04 |
| Court/Appeals | | | 100.00 | |
| Photos | | | | |
| Trial Expense | | | | |
| Miscellaneous | | | | |
| TOTAL | 2,532.35 | 5,900.19 | 3,459.59 | 1,053.86 |

| | End | TOTAL |
|---|---|---|
| Xerox | 490.10 | 9,942.48 |
| Telephone | | 633.73 |
| Postage | 32.10 | 399.43 |
| Computer Research | 818.98 | 9,741.14 |
| Special Stenograph | 124.70 | 1,566.61 |
| Conference | 71.00 | 383.20 |
| Expert Witness | 1,614.58 | 10,217.07 |
| Graphics | | 3,615.84 |
| Filing Fee | | 120.00 |

| | End | TOTAL |
| --- | --- | --- |
| Service Fee | | 71.00 |
| Witness Fee | | 556.83 |
| Transcripts | 1,649.50 | 7,327.50 |
| Travel | | 1,034.58 |
| Court/Appeals | | 100.00 |
| Photos | | 152.44 |
| Trial Expense | | 347.88 |
| Miscellaneous | | 893.75 |
| TOTAL | 4,800.96 | 47,103.48 |